Case 07-10582   Filed 09/04/07   Doc 56

FILED

SEP 4 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

ANDRE VENTURA and
MARY JOSEPHINE CASEY,

    Debtors.
_____/

Case No. 07-10582-A-7
DC No. UST-1

FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE MOTION OF UNITED STATES TRUSTEE TO ENLARGE
TIME TO FILE MOTION FOR DISMISSAL AND/OR
COMPLAINT TO DENY DISCHARGE

    A hearing was held July 5, 2007, on the motion of the United States Trustee to enlarge time to file motion to dismiss the case or to file a complaint to deny discharge. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (J).

    Andre Ventura and Mary Josephine Casey filed their chapter 7 bankruptcy case on February 28, 2007. The deadline to file a complaint objecting to discharge of the debtor under Bankruptcy Code § 727 or to file a motion to dismiss the case pursuant to Bankruptcy Code § 707(b) was June 4, 2007. The United States Trustee timely filed a motion to enlarge the time to move for dismissal and/or to file a complaint objecting to discharge. Federal Rule of Bankruptcy Procedure 4004(b). The notice of hearing provided that opposition to the motion should be in writing and filed and served not less than 14 calendar days preceding the date of the hearing. Thus, the motion was brought under Local Bankruptcy Rule 9014-1(f)(1). No timely written opposition to the motion was filed. However, no separate proof of service of the motion was timely filed. Therefore, the court determined to deny the motion without prejudice. In response,

on July 3, 2007, the United States Trustee caused to be filed a supplemental declaration of Gregory S. Powell stating that the certificate of service had been completed on June 4 and that the motion had been served on June 4. Inadvertently, no certificate of service had been filed. Also on July 3, the United States Trustee filed the certificate of service in which Joan Caskey of the United States Trustee's Office stated under penalty of perjury that she had served the debtors and their attorney on June 4, 2007.

Therefore, the court took the matter up at the July 5, 2007 hearing. At that hearing, the United States Trustee argued that the motion should be granted for the reasons set forth in the moving papers. The debtors' attorney argued that the motion should not be granted because the United States Trustee's mistake in not complying with the Local Rules by timely filing its proof of service should not be overlooked. The court took the matter under submission.

The United States Trustee requests an extension of time because this case was selected for audit on March 26, 2007. As of June 4, 2007, the debtors had provided some but not all of the documents and information requested by the audit. Therefore, the United States Trustee was unable to determine as of June 4, 2007 whether grounds existed to file a motion to dismiss under § 707(b) or to object to the debtors' discharge pursuant to § 727.

The debtors' only opposition to the motion was that the United States Trustee had failed to comply with the local rules by not filing a certificate of service timely.

It is appropriate to extend the time to file a motion under § 707(b) or to file a complaint to deny discharge under § 727 of the Bankruptcy Code if there is cause to extend the time and if the moving party has not been dilatory. Here, the United States Trustee has shown cause to extend the time in that, as of June 4, 2007, the debtors had not provided all the documents and information requested by the debtor audit. While the United States Trustee certainly erred in failing to comply with the Local Rules by timely filing a proof of service, that error was rectified. In fact, it inured to the benefit of the debtors by allowing their counsel to argue, even though no timely written opposition to the motion had been filed.

Balancing the equities here, cause exists to extend the time as requested by the United States Trustee. Therefore, a separate order will issue extending the time for the United States

1  Trustee to file a motion to dismiss under § 707(b) or to file a complaint to deny discharge under
2  § 727 to September 14, 2007.
3
4
5  DATED: September 4, 2007.
6
7                                                    _____
8                                                    WHITNEY RIMEL, Judge
                                                     United States Bankruptcy Court
9
10

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF FRESNO        )

      I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721.  On September 4, 2007, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Layne Hayden, Esq.
3585 W. Beechwood Ave., #107
Fresno, CA 93711

Gregory S. Powell, Esq.
Office of the United States Trustee
2500 Tulare St., #1401
Fresno, CA 93721

      I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on September 4, 2007, at Fresno, California.

                                                               /s/ Kathy Torres
                                                  Kathy Torres, PLS